## Commonwealth v. Petkonovitch.

*Evidence — Illegally obtained evidence — Intoxicating liquors—Unlawful seizure—New trial.*

1. A court will not delay or halt a trial to inquire whether evidence, otherwise competent, has been unlawfully acquired.

2. Intoxicating liquors found in the defendant's house upon a search by a police officer on a warrant to search for firearms are admissible in evidence upon the trial of the defendant on an indictment for having in his possession and manufacturing intoxicating liquors. The admission of such evidence is not ground for a new trial.

3. If defendant conceived that his right to be protected against "unreasonable searches and seizures," guaranteed by the Constitution of the United States and of this State, had been violated by the act of the police officer, he should have made timely application to the court for an order on the officer for the return of the liquor.

Motion for new trial. Q. S. Chester Co., Jan. Sess., 1922.

*William Tregay*, for motion; *W. Butler Windle*, District Attorney, contra.

HAUSE, J., March 20, 1922.—Defendant was indicted and tried for having in his possession and for manufacturing, for beverage purposes, intoxicating liquor in violation of the Act of May 5, 1921, P. L. 407. He was convicted of both offences.

Defendant is an unnaturalized foreigner, and, sometime prior to his arrest on the charges named, a police officer obtained a warrant authorizing a search of defendant's premises for firearms. In the execution of this warrant, the officer discovered, among other things connected with the manufacture of liquor, a five-gallon stone jug half filled with intoxicating liquor, which he took with him. Defendant was later arrested for violating the act referred to, and, upon trial, the district attorney offered the jug and its contents in evidence. We admitted it over an objection from defendant's counsel. The alleged improper admission of this exhibit is the ground upon which a new trial is sought.

The legal position urged by defendant's counsel is that, in the light of the officer's admissions, the warrant to search for firearms had not been obtained in good faith, and, even if it had been, his authority under it was exhausted when he failed, as he did, to find them, and, therefore, the liquor was illegally seized and could not be used as evidence. If the basis of this proposition be conceded, the conclusion that the evidence thus obtained is inadmissible does not follow. That the evidence was pertinent is not questioned.

2 D. & C.

Commonwealth v. Petkonovitch.

If the search warrant were illegal, or if it had been illegally obtained, or if the officer exceeded the authority it conferred upon him, no one of these, or all combined, could exclude the fruits of the search from the consideration of the jury where the question is raised for the first time by defendant at his trial. When the trial is in progress, the court can take no notice of the method resorted to for the purpose of obtaining evidence such as that here in question: Adams v. New York, 192 U. S. 585; Holt v. United States, 218 U. S. 245; Rice v. United States, 251 Fed. Repr. 778; Wiggins v. United States, 272 Fed. Repr. 41.

If defendant conceived that his right to be protected against "unreasonable searches and seizures," guaranteed by the Constitution of the United States and of this State, had been violated by the act of the police officer, he should have made timely application to the court for an order on the officer for the return of the liquor—an application within a reasonable time after the seizure: Weeks v. United States, 232 U. S. 383. "A court will not delay or halt a trial to inquire whether evidence, otherwise competent, has been unlawfully acquired:" United States v. O'Dowd, 273 Fed. Repr. 600.

The precise question here raised was determined adversely to defendant's contention in Com. v. Exler, 61 Pa. Superior Ct. 423. There, the defendant was indicted for statutory rape. The prosecuting officer or his detective—so it was alleged—had taken from his home, without a search warrant, certain articles of clothing which were present in court at the time of trial and which the prosecuting officer intended to use as evidence. After the jury was impaneled and sworn, defendant's counsel moved the court to compel the district attorney to return the clothing. The motion was denied and the ruling of the trial judge was sustained, on appeal, on the authority of Weeks v. United States, 232 U. S. 383.

The motion for a new trial is dismissed.

From Truman D. Wade, West Chester, Pa.